## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SANDRA GRIFFIN**<br>  **Plaintiff**<br><br>v.<br><br>**STONELEIGH RECOVERY ASSOCIATES, LLC**<br>**& JOHN DOE a/k/a SAM WALSH**<br>  **Defendant** | **CIVIL ACTION**<br><br>**COMPLAINT**<br><br>**JURY TRIAL**<br>**CLAIMED**<br><br><br><br>**OCTOBER 27, 2010** |

## COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency.  This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and includes pendent claims brought under State law for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and for intentional infliction of emotional distress.

### II. PARTIES

2.  The plaintiff, Sandra Griffin, is a natural person residing in New Britain, CT.

3.  Defendant Stoneleigh Recovery Associates, LLC ("Stoneleigh") is an Illinois Limited Liability Company and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4.  Defendant John Doe a/k/a Sam Walsh ("Sam Walsh") is a Stoneleigh employee who works as a debt collector; Sam Walsh's identity and state of residence are not known to Plaintiff but are ascertainable through discovery.

## III. JURISDICTION

5.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367and Fed. R. Civ. P. 18(a).

6.  This Court has jurisdiction over Stoneleigh because it engages in debt collection activities within Connecticut.

7.  Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

8.  In August 2010, HSBC claimed a consumer debt against Plaintiff, and it referred this purported debt to Stoneleigh for collection purposes.

9.  In or around the beginning of August 2010, Sam Walsh called and spoke with Plaintiff around 9 AM in an attempt to collect the Debt, and during that conversation, Plaintiff told Sam Walsh that she was filing for bankruptcy, but she did not have her bankruptcy attorney's contact information at that time but would call him back with that information soon, and she hung up; Sam Walsh called Plaintiff back almost immediately and told her that it was very rude of her to hang up on him.

10.  In Sam Walsh's second call to Plaintiff described in the paragraph above, he did not state that the communication was from a debt collector.

2

11. A couple of days after the calls described above, Sam Walsh called the residence of Plaintiff's ex-husband and his girlfriend; that residence was located in Maine, and the number Sam Walsh called was a new number that had been established only a few weeks prior and in her ex-husband's girlfriend's name only.

12. Plaintiff's ex-husband had no association with the Debt; he and Plaintiff had divorced approximately 7 years before Plaintiff had opened the account associated with the Debt.

13. Plaintiff's ex-husband's girlfriend took the call described in Paragraph 11, and during that conversation, Sam Walsh told her that he was calling them because their number was listed on the account as a possible contact for Plaintiff, and he said that he was looking for Plaintiff, and he left his name and number with her.

14. Plaintiff's ex-husband called Plaintiff soon after that call was received, and he asked Plaintiff who Sam Walsh was and what the call related to.

15. Upon learning that her ex-husband had been contacted by a debt collector regarding the Debt, Plaintiff experienced distress in the form of embarrassment, anxiety, and humiliation, and she was afraid that he might learn about her financial problems and the bankruptcy.

### V. COUNT ONE
### Fair Debt Collection Practices Act
### (Stoneleigh)

16. Plaintiff incorporates Paragraphs 1-15.

17. Stoneleigh violated the FDCPA 15 U.S.C. § 1692e(11) by failing to state during its second call to Plaintiff that the communication was from a debt collector, Stoneleigh violated 15 U.S.C. § 1692d by communicating with plaintiff during that

3

second call in a certain manner, the natural consequence of which was to harass and abuse the Plaintiff; Stoneleigh violated 15 U.S.C. § 1692c(b) by communicating with a third party for purposes other than acquiring location information for Plaintiff, and Stoneleigh violated15 U.S.C. § 1692e(10) by falsely representing to Plaintiff's ex-husband's girlfriend that their number was listed on the account as a possible contact for Plaintiff.

### VI. COUNT TWO
### Fair Debt Collection Practices Act
### (Sam Walsh)

18. Plaintiff incorporates Paragraphs 1-15.

19. Sam Walsh violated the FDCPA 15 U.S.C. § 1692e(11) by failing to state during its second call to Plaintiff that the communication was from a debt collector, Sam Walsh violated 15 U.S.C. § 1692d by communicating with plaintiff during that second call in a certain manner, the natural consequence of which was to harass and abuse the Plaintiff; Sam Walsh violated 15 U.S.C. § 1692c(b) by communicating with a third party for purposes other than acquiring location information for Plaintiff, and Sam Walsh violated15 U.S.C. § 1692e(10) by falsely representing to Plaintiff's ex-husband's girlfriend that their number was listed on the account as a possible contact for Plaintiff.

### VII. COUNT THREE
### Intentional Infliction of Emotional Distress
### (Stoneleigh & Sam Walsh)

20. Plaintiff incorporates Paragraphs 1-15.

21. Stoneleigh and Sam Walsh knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

22. Stoneleigh and Sam Walsh's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

23. Stoneleigh's and Sam Walsh's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

## VIII. COUNT FOUR
## Connecticut Unfair Trade Practices Act
### (Stoneleigh)

24. Plaintiff incorporates Paragraphs 1-15.

25. Stoneleigh violated CUTPA by its debt collection activities described above.

26. Plaintiff suffered an ascertainable loss as a result of Stoneleigh's collection activities described above.

27. Stoneleigh's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages (including emotional distress damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, SANDRA GRIFFIN**

By:

Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457